UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21746-CIV-WILLIAMS/MCALILEY

MARINA WENDT,

    Plaintiff,

vs.

FEDERAL EMERGENCY
MANAGEMENT AGENCY,
*a subdivision of the United States
Federal Government*,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Defendant, Federal Emergency Management Agency ("FEMA"), filed a Motion to Dismiss Count I of Plaintiff's Complaint. (ECF No. 6). The Honorable Kathleen M. Williams referred the Motion to me for a report and recommendation. Plaintiff did not file a response and the deadline to do so has passed. For the reasons that follow, I recommend that the Court grant FEMA's Motion.

At the outset, the Court notes that Plaintiff has not filed a memorandum in opposition to the Motion. Rule 7.1(c)(1) of the Local Rules of the United States District Court for the Southern District of Florida requires a party that opposes a motion, to file an opposing memorandum of law no later than fourteen days after service of the motion. "Failure to do so may be deemed sufficient cause for granting the motion by default." S.D.

Fla. L.R. 7.1(c)(1). The time for Plaintiff to file that response has long since passed. The Court may grant the Motion on this basis.

The legal merits of the Motion also support dismissal, as explained below.

**I.     BACKGROUND**

The Complaint alleges the following facts, which the Court assumes are true and views in the light most favorable to Plaintiff, as it must at this stage of the proceedings. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983) (citations omitted).

On or about November 8, 2020, a flood caused damage to Plaintiff's property. (ECF No. 1 at 2 ¶ 10). At that time, FEMA insured the property under a standard flood insurance policy (the "Policy" or "Flood Policy"). (*Id.* ¶ 6). The Policy provides that FEMA will "pay [Plaintiff] for direct physical loss by or from flood to [Plaintiff's] insured property ...." (ECF No. 1-3 at 5). Plaintiff submitted a claim to FEMA to cover her losses, and FEMA denied payment. (ECF No. 1 at 3 ¶ 11).

The Complaint alleges two counts. Count I, for declaratory judgment, seeks "[a] declaration regarding the extent of Defendant's obligations under the Flood Policy, and whether Defendant owes additional money to Plaintiff under the Flood Policy". (*Id.* at 4 ¶ 1). Count II, for breach of contract, seeks "monetary damages, including compensatory, direct and consequential damages, and costs and interest" for FEMA's failure to: "pay full and complete compensation to Plaintiff", "restore Plaintiff's property to its status before the flood damage", and "perform its obligation under the insurance contract." (*Id.* at 4 ¶¶ 2, 18-20).

FEMA now asks this Court, under Federal Rule of Civil Procedure 12(b)(6), to dismiss the declaratory judgment count as duplicative of the breach of contract claim. (ECF No. 6 at 3).

## II.   STANDARDS

### A.   Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss, the plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss, the court must draw "all reasonable inferences" in favor of the plaintiff. *St. George v. Pinellas Cty*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### B.   Declaratory Judgment

The Declaratory Judgment Act gives district courts the authority to declare the rights and other legal relations of any interested party in a case of actual controversy within its jurisdiction. 28 U.S.C. § 2201. Courts have "exceptionally broad" discretion to determine whether to entertain an action for declaratory judgment. *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-88 (1995)). The Act gives federal courts "competence to make a declaration of rights; [but] it

d[oes] not impose a duty to do so." *AquaDry Plus Corp. v. Rockhill Ins. Co.*, No. 19-62331-Civ, 2020 WL 927440, at *1 (S.D. Fla. Feb. 26, 2020) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)).

Courts have two concerns when they decide whether to dismiss a declaratory judgment claim, that a plaintiff pleads with a breach of contract claim: (i) the completeness of the relief afforded to the plaintiff if it prevails on its breach of contract claim, and (ii) judicial economy. *Bleau Fontaine Condo. Ass'n Number Three, Inc. v. Indian Harbor Ins. Co.*, No. 18-22995-Civ, 2019 WL 1932785, at *3 (S.D. Fla. Jan. 10, 2019) (citing *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010)).

First, regarding the completeness of relief, "[d]eclaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim." *Id.* at *2. To do so, the declaratory judgment claim must look forward, not backward, as "any retrospective declaratory judgment would be equally solved by resolution of the breach of contract claim." *Id.*; *see, e.g.*, *Kenneth F. Hackett & Assocs., Inc.* 744 F. Supp. 2d at 1311 (allowing the declaratory judgment claim to proceed because it could affect future payments or rate increases under the parties' contract, while the breach of contract claim was retrospective). Courts should dismiss declaratory judgment claims if they essentially seek adjudication on the merits of the breach of contract claim. *Sardinas v. Miami Veterinary Specialists, P.A.*, No. 20-cv-22987, 2020 WL 7241364, at *8 (S.D. Fla. Dec. 8, 2020) (citations omitted); *see also Berkower v. USAA Casualty Ins. Co.*, No. 15-23947, 2016 WL 4574919, at *3 (S.D. Fla.

Sept. 1, 2016) (citations omitted). In that circumstance, the plaintiff is able to secure "full, adequate and complete relief" through the breach of contract claim. *Fernando Grinberg Trust Success Int'l Props. LLC v. Scottsdale Ins. Co.*, No. 10-20448, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010).

The judicial economy factor looks to "whether the declaratory relief claim so overlaps the breach of contract claim as to be wholly subsumed by it, making litigation on the declaratory claim inefficient and unnecessary." *Kenneth F. Hackett & Assocs., Inc.* 744 F. Supp. 2d at 1310.

## III.   ANALYSIS

Plaintiff's declaratory judgment claim should be dismissed because it is duplicative of the breach of contract claim. The breach of contract claim seeks compensation for FEMA's failure to cover Plaintiff's loss, under the Policy, while the declaratory judgment claim seeks a declaration that the Policy covers that loss.

The Complaint alleges no facts that demonstrate that the declaratory judgment claim seeks different relief than the breach of contract claim. The two claims involve the same factual dispute – that is, to what extent the Policy covers the damage to Plaintiff's property. Thus, Plaintiff will be able to secure "full, adequate and complete relief" through the breach of contract claim, *Fernando Grinberg*, 2010 WL 2510662, at *1, which makes litigation on the declaratory judgment claim "inefficient and unnecessary." *Kenneth F. Hackett & Assocs., Inc.* 744 F. Supp. 2d at 1310.

## IV. RECOMMMENDATION

I RESPECTFULLY RECOMMEND that the Court **GRANT** Defendant's Motion to Dismiss Count I of Plaintiff's Complaint, (ECF No. 6).

## V. OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Miami, Florida, this 25th day of August, 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
 Counsel of record